Wright, J.
If the exceptions raise any question to he considered, it is but a single one. The policy covered the plaintiff’s stock, &c., in the westerly end of a building, some 120 feet in length, known as City Central Hall, in Brooklyn. The plaintiff occupied the store in this building, cornering on Fulton avenue and Elm place. Intermediate the first and second renewals of the policy a steam bakery was introduced into the easterly end of Central Hall. On the trial the plaintiff testified, that upon calling at the defendants’ office to have his policy renewed the last time (having received notice from the company that it was about expiring), he informed their secretary verbally of the erection of the bakery. The question eliciting this testimony was objected *189 to, on the ground that all notices of increased risk were required to be in writing; and after the evidence was in, and the plaintiff had rested, a non-suit was moved for, on the ground “that no written representation as to the increased risk had been made to the company, or consent, therefor endorsed on the policy.” Again, at the close of the case, the court was requested to charge, that if the jury believed that at the time of the renewal of the policy the risk to the building had been increased by the fact of the steam bakery having been put in, they should find for the defendants, as no evidence had been given that a written statement of that fact had been made to the company.” The -point, therefore, sought to be raised was that the risk being increased by the use of the neighboring premises, the plaintiff was required, by his contract of insurance, to give notice to the company in writing of the fact at the time of the application for the second renewal of the policy; and having omitted to do so, such renewal was wholly void, and evidence of a verbal communication inadmissible. It was not that the evidence offered was insufficient to justify the submission of the question of waiver of written notice ‘ to the jury, but that a written statement by the plaintiff of the changed risk was an indispensable pre-requisite to the renewal taking effect. It. is true, that the defendants excepted to the instruction of the judge, that if the plaintiff did fully and fairly communicate the fact of the increased risk (if it were one), and no objection was made to the communication not being in writing, the plaintiff’s right to recover would not be defeated by reason of such communication not having been made i'n writing. This, however, was, in substance, an instruction that the company might waive a strict compliance with the condition, and if the plaintiff verbally gave full information of the increased risk before the renewal, and no. objection was made that the information was not in writing, but the company renewed the policy after such notice, they waived a strict compli *190 anee, and could not afterwards insist in bar of the action that the notice should have .been written and not verbal. The exception did not reach the point now mooted, that the evidence did not justify the submission of the question of waiver to the jury, and that the secretary of the company had no right to waive any of the formal requirements of the policy.
The only question, then, that can be claimed to have been raised by the exceptions is this; whether (if the risk was increased by the erection of the bakery) the omission of the plaintiff to give written notice to the company of the fact, at or. before the last renewal of his policy, absolutely barred his right to recover.
It will not be pretended that any obligation rested on the insured to inform the company, in writing, of the erection of the bakery, unless imposed by the contract of insurance. If it were a condition of the contract that he should do so, and there was no waiver by the company, a failure to strictly comply would render the policy and renewal void and of no effect. Conceding, then, that setting up the bakery in the easterly end of Central Hall increased the risk, a primary inquiry is whether the plaintiff’s con-" tract bound Mm to give written information to the company of the fact, at or before the time such contract was renewed in December, 1856. I ain inclined to think that it did not. The first condition annexed to the policy provided that insurance on.property, .out of the cities of New York and Brooklyn, were to be made upon the written representar tians of the applicant as to the nature, construction and' materials of the building containing the property to be insured; its situation with respect to contiguous buildings, their construction and materials, and whether any manufactory was carried on within or about it; and in relation to the insurance of goods, whether they were of the description denominated hazardous, extra hazardous, or included in the memorandum of special rates. The twelfth condi *191 tian provided that.insurances once made might be renewed, and that all insurances, original or renewed, should be considered as made under the original representation, in so far as it may not be varied by a new representation, in writing, which in all cases it shall be incumbent on the party insured to make when the risk has been changed, either within itself or by the surrounding or adjacent buildings. It is obvious' that this provision relates to a case where the property is insured upon the written representations of the applicant. The provision is that insurance, original or renewed, is to be considered as made under the original representation of the party insured, in so far as it may not be varied by a new representation, in writing; and if the risk has been changed, either within itself or by the surrounding or adjacent buildings, intermediate the issuing of the original policy and the application for renewal, it is made incumbent on the party making the original representation in writing to make a new one in the same form. This is all that was intended to be provided for, and the reason therefor in this particular case is plain. The risk is taken upon the representations of the insured, which amount to a warranty as to the actual nature and situation of the thing insured, When tailing or renewing the risk the company rely upon the representations, and not upon any report of their own surveyors, and any misrepresentation or concealment of matters required by the terms of the policy to be fully and truthfully stated, would be a breach of warranty and avoid the insurance. The plaintiff’s insurance was on property in Brooklyn, and it is conceded that there was no representation in writing when the policy was issued, and that the risk-was taken on the report of the company’s surveyor. There was, in his case, no original representation in writing, or no new representation to be made in the same form, in case the risk had been changed either in respect to the kind of property insured, or its situation as to surrounding or adja *192 cent buildings. I think the first clause of the twelfth condition requiring the party insured, upon a change of risk as specified therein, to make “a new representation in writing,” has no application to an insurance on property in the city of Brooklyn, when it is conceded that the insurance is effected not Upon any written representations of the insured, but upon a survey by the company itself. In the latter case, the company assumes the risk upon its own survey, without any representation of the assured. The insurance is not to be deemed made in pursuance of his representations; and if the risk be varied, it is not a fair construction of the clause in question that it requires him to make any representation whatever as to the nature of it. It is a change of the original risk, either in the description of the insured property, or from its situation to contiguous buildings, or the uses' those may be put to, on which to- base the contract of insurance, that the clause requires to be stated in writing, and as to these matters, in insurances on property in Brooklyn, the company relies on its own survey. It is, of course, important in all cases that the company should be informed, before a policy is renewed, of any increase of risk intermediate the issuing of the policy and the renewal by the use or occupation of the premises insured or of the neighboring premises; and this is stipulated for in the last clause of the twelfth condition. It is provided that if the'assured shall fail to give information of an increase of the risk by the erection of buildings, or by the use or occupation of the premises insured or of the neighboring premises, the policy and renewal shall be void and of no effect. This, however, is not a stipulation that the assured shall give written notice. Indeed, in insurances on property, in New York and Brooklyn, where the company make their own surveys, a verbal notice that neighboring premises were being used in such a way as would be likely to increase the risk, is all that could be, reasonably required. The object is to give the *193 company information of erections intermediate the issuing of the policy and its renewal, so that they may re-survey the premises before determining upon issuing the certificate of renewal. When the company is its own surveyor, and makes or renews insurances upon surveys made by itself, the object in view is attained as well by a verbal as a written notice. The attention of the company is directed by either form of notice to what may increase the risk, and call for a further survey, before renewing the policy. For any of the purposes of the parties, a written is no better than a verbal notice. Had the plaintiff, in this case, instead of stating verbally that the bakery had been put into the eastern end of Central Hall, stated the same fact in writing, the paper would not have gone on the files of the company; or if it had, it would not have concluded either party. The question whether there had been a failure on the part of the assured to comply with the last clause of the twelfth condition of the policy would still have been an open one.
I think, therefore, there was nothing in the plaintiff’s contract of insurance that bound him to give written notice at the time his policy was renewed, that the bakery had been put in the easterly end of the building known as the City Central Hall; that, in his case, the omission to give notice of the fact in written form was no breach of any warranty; and that the stipulation for notice, at or before renewal, of an increased risk occasioned by the use or occupation of neighboring premises was satisfied by an oral communication of the fact to the company.
But if this is an erroneous construction of the provisions of the policy, and the twelfth condition required the plaintiff to give information in writing of the erection of the bakery, there is no doubt the company might waive a strict compliance. This is not questioned by the defendants' counsel. They could waive any condition of the contract in their favor. One of the conditions of this contract *194 was, that no insurance, whether original or continued, should be considered as binding until the actual payment of the premium; but there is no doubt that giving credit for the premium by the delivery of the policy without payment would be a waiver of the condition. It is said that the evidence was not of the character required to constitute a waiver, but no such point was distinctly raised at the trial. The ground taken—and the only one—was, that under no circumstances could the plaintiff recover if the jury believed that at the time of the last renewal of the policy the risk to the building had been increased by the fact of the steam bakery having been put in, he having-omitted to make a written statement of that fact to the company.
I think the judgment should be affirmed.
Hogeboom, J.
The case presents three exceptions for consideration. 1st. To the admission of paroi evidence of notice of the increased risk. 2d. To the refusal to non-suit for the want of a written representation as to such risk. 3d. To the charge and refusal to charge.
The paroi evidence was, I think, properly admitted; as, independent of the question whether a written representation was necessary by the terms of the policy,, it would be proper to show a waiver of such representation by the acts of the parties, and the testimony tended in that direction. The direction upon the card to “.renew and re-survey;” the express request for renewal; the. explicit communication of the erection of the bakery; the request to the defendants to examine, the premises; the secretary’s promise to send the company’s surveyor to examine the premises; the subsequent renewal of the policy in the light of all this information, constituted together a body of testimony which was admissible on the question of waiver.
The same testimony, as yet unexplained or uncontradicted, furnished a sufficient reason for refusing the motion for a *195 nón-suit, and for subsequently refusing a peremptory instruction to the jury to find for the defendants on account of the omission to communicate in writing the fact of the increased risk, in case they should find such increased risk existed.
The more serious difficulty arises on the charge of the judge that a full and fair verbal communication by the plaintiff to the defendants of the facts constituting the increased risk, if not objected to on the ground that it was not in writing, was, in effect, a waiver of a written communication.
I think a- charge in so direct and unqualified a form was error, but did not prejudice the defendants, for reasons to be hereafter stated. The parties had taken pains, by the terms of their contract, to require a written statement of the facts constituting the increased risk. There, were rear sons for such requisition and mutual protection arising from the frailty and unreliability of oral evidence; and the provision ought not to be regarded as intentionally dispensed with, except upon clear proof of facts constituting an express waiver, or inconsistent with an enforcement of this condition of the contract. There may have been—think there were-—facts on which the plaintiff could'properly ask to go to the jury on the question of waiver; and the omission to call for a communication in writing was one. But such omission was not, I think, standing By itself and alone, to be regarded, as the judge in effect instructed the jury, necessarily sufficient and conclusive of an intent to waive a written statement of the facts constituting the increased risk.
The plaintiff’s counsel attempts to sustain the decision of the court below by insisting not only that here was ample evidence of a waiver, but also by insisting 1st. That the contract did not, in the present instance, require a written representation. 2d. That a failure to comply with that condition of the contract did not avoid the policy. These suggestions are not without force.
The twelfth condition, on which the question arises, *196 declares that all insurances, whether original or renewed, shall be considered as made under the original representation, unless varied by a new representation in writing, which ñew representation it shall be incumbent on the party insured to make in all cases where the risk has been changed.
Mow, there is nothing in the case which shows that the original insurance was effected by means of any original representations in writing, or any original representations whatever. It may be that it was procured, as was allowed by the conditions of insurance as to all property in Mew York or Brooklyn, upon a simple request for that purpose, accompanied by the examination and survey of the defendants’ own officers; and that it was upon the latter alone that the defendants relied, when they issued the policy. If so, then the renewed policy would stand upon the same basis, except that the insured would have been guilty of a non-compliance with this clause of the contract in not making a statement in writing of the circumstances producing a change of the risk. It is nowhere stated that such noncompliance by omitting to make a statement in writing shall avoid the policy; nor was it so intended, as will presently be seen by- examining the next succeeding clause in the twelfth condition. Hence there was no fraud, misrepresentation, or breach of warranty upon which the defendants could avoid the policy.
But there is a further clause, as the plaintiff contends, and I think properly, which declares what in reference to this subject shall avoid the policy and its renewal, and it is this: If at or before the time of the renewal the risk has been increased and the assured shall fail to give information thereof said policy and renewal shall be void and of ho effect. This information need not be communicated in writing; the terms of the policy do not require it. The verdict of the jury has substantiated the fact that it was vei'bally given, and hence the policy remains in force.
It is suggested that the policy becapie void under the *197 fifth condition, which requires all previous or subsequent insurances tó be endorsed on the policy, or otherwise acknowledged in writing; and that as an additional insurance had been effected by the plaintiff, at a higher rate of insurance for the increased rish, and such increased risk had not been noted on the plaintiff’s policy, it became void. But there is nothing in the fifth condition which requires either the rate of insurance or the increase of the rish in another company to be endorsed or acknowledged on the policy. It appears to be sufficient, as was done in this case, to note the fact and amount of such additional insurance; the object being to make a proper distribution of the amount of the loss between the two companies.
While, therefore, the court below erred in the reason given for the conditional instruction given to the jury in regard to the plaintiff’s right to recover, to wit: a waiver of a written communication as to the increased riák by not objecting to a verbal notice, yet inasmuch as the substance of the instruction was correct, to wit: that the plaintiff’s right to recover would not be defeated provided he fully and fairly communicated to the defendant the fact of the increased risk, though not in writing; I see no reason for disturbing the judgment of the court below, and am of opinion that it should be affirmed.
All the other judges concurring, Judgment affirmed: